UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REFINED SOUTH RESTAURANT GROUP LLC                                    PLAINTIFF

VS.                                               CIVIL ACTION NO. 3:22-cv-205-HTW-LGI

THE MAYOR AND ALDERMEN OF THE CITY OF
VISKSBURG; GEORGE FLAGGS IN HIS OFFICIAL
CAPACITY AS MAYOR OF THE CITY OF VICKSBURG              DEFENDANTS

**ORDER**

Plaintiff in the instant action, Refined South Restaurant Group LLC ("Refined South"), has filed a motion with this court seeking an *ex parte* Temporary Restraining Order, asking this court to enjoin proceedings in the Chancery Court of Warren County, Mississippi, scheduled for Monday, May 2, 2022, at 10:30 a.m. Plaintiff, operator of Jacque's Bar in downtown Vicksburg, Mississippi, filed this current lawsuit on April 20, 2022, seeking declaratory and injunctive relief and damages, alleging violation of 42 U.S.C. § 1983[1] and the Fourteenth Amendment[2] to

---

[1] **42 U.S.C. § 1983. Civil action for deprivation of rights.**
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The Fourteenth Amendment to the United States Constitution guarantees: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV.

1

the United States Constitution. Thus, this court exercises federal subject matter jurisdiction over the instant action by way of 28 U.S.C. § 1331.[3]

This litigation remains pending in this court. Meanwhile, on April 22, 2022, the Mayor of the City of Vicksburg filed suit in the Chancery Court of Warren County in the name of the State of Mississippi, pursuant to Miss. Code Ann. § 95-3-1.[4] In that Chancery Court lawsuit, the Mayor, contending that Jacques Bar is a nuisance under that statute, seeks an *ex parte* Temporary Restraining Order *inter alia*, to revoke or suspend the licenses of Refined South and close the Jacques Bar and other properties, if any, owned by Refined South. Plaintiff here, Refined South, is asking this court to grant an injunction staying that state Chancery Court proceeding.

The Anti-Injunction Act places limits on when a federal court may grant such an injunction. That Act provides as follows: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This court has not issued any judgment in this matter that it needs to protect or effectuate; nor does this court see that the requested injunction would be in aid of this court's jurisdiction.

---

[3] Section 1331. Federal Question
 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C. §1331.

[4] c) "Nuisance" shall mean any place as above defined in or upon which lewdness, assignation or prostitution is conducted, permitted, continued or exists or any other place as above defined in or upon which a controlled substance as defined in Section 41-29-105, Mississippi Code of 1972, is unlawfully used, possessed, sold or delivered and the personal property and contents used in conducting or (maintaining any such place for any such purpose. One single act of unlawful cohabitation, lewdness or possession, use, sale or delivery of a controlled substance about such property shall not come within the terms hereof
Miss. Code Ann. § 95-3-1 (c).

Plaintiff argues though, that an injunction in this circumstance is authorized under 42 U.S.C. § 1983. It is true that §1983 can provide an exception to the Anti Injunction Act., *Mitchum v. Foster,* 407 U.S. 225 (1972); however, the *Mitchum* Court was only stating that the federal district court was not without power in a § 1983 action to enjoin a proceeding pending in a state court. The U.S. Supreme Court continued, saying that § 1983 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243.

Although authorized to enjoin a pending State court action in the proper case under § 1983, federal courts, historically, are reluctant to exercise such authority. The Fifth Circuit case of *Gates v. Strain* speaks to this matter. That case recognizes that enjoining a state court is an action that federal courts generally should not exercise. The *Gates* Court stated, "[u]nder the *Younger*[5] abstention doctrine, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Bice v. La. Pub. Def. Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) and *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

The first two cited criteria for declining to intervene are clearly met. A federal injunction would certainly interfere with the on-going state proceeding and the state has an important interest in regulating establishments that serve alcohol and businesses deemed to be nuisances.

---

[5] *Younger v. Harris,* 401 U.S. 37, 43-47 (1971).

Refined South also has not made any showing that it would be prevented in the state court action from raising constitutional challenges.

Even were this court to find that an exception to the Anti-Injunction Statute exists, *sub judice,* this court would not be mandated to enjoin a state court proceeding. The Fifth Circuit has said that an exception to the Anti-Injunction Statute permits, but does not mandate, that federal courts enjoin state court proceedings. *Blanchard 1986, LTD. v. Park Plantation, LLC,* 553 F.3d 405 (5th Cir. 2008) (discussing the re-litigation exception of the Anti-Injunction Act and affirming the district court's denial of the injunction). "As Justice Black remarked in *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* the Anti–Injunction Act's "prohibition" of injunctions against state court proceedings is grounded in federalism and "rests on the fundamental constitutional independence of the States and their courts." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281 (1970). Additionally, the United States Supreme Court stated, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297 (quoted in *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 805 (9th Cir. 2002), as amended on denial of reh'g (May 15, 2002).

For all the reasons stated, this court is persuaded that interference in the instant state court action is not appropriate. Accordingly, Refined South's motion [doc. no. 7] is denied.

**SO ORDERED AND ADJUDGED** this 29th day of April, 2022.

HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE